**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | | |
|---|---|---|
| **JOSUE DAVID MACHADO REYES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **CAUSE NO. EP-26-CV-648-KC** |
| | § | |
| **WARDEN, EL PASO SERVICE** | § | |
| **PROCESSING CENTER et al.,** | § | |
| | § | |
| **Respondents.** | § | |

## <u>ORDER</u>

On this day, the Court considered the case.  Yarlenis Machado Reyes filed a Petition for Writ of Habeas Corpus, ECF No. 1, on behalf of her brother, Josue David Machado Reyes.

An "[a]pplication for a writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."  28 U.S.C. § 2242. But "[c]ourts do not automatically grant 'next friend' status under § 2242 to anyone that seeks to pursue an action on behalf of a petitioner."  *Romanov ex rel. Romanova v. Frink*, No. 25-cv-3133, 2025 WL 2162290, at *2 (S.D. Tex. July 30, 2025) (citing *Whitmore v. Arkansas*, 495 U.S. 149, 163–64 (1990)).  To proceed as "next friend" the individual must establish: (1) "an adequate explanation such as inaccessibility, mental incompetence, or other disability of why the real party in interest cannot appear on his own behalf" and (2) that the "next friend" is "truly dedicated to the best interests of the person" and has "some significant relationship with the real party in interest."  *Page v. Hogans*, No. 15-cv-597, 2017 WL 11810133, at *1–2 (S.D. Miss. Sept. 5, 2017).  "Inability to understand the English language or the situation, particularly in the case of aliens, impossibility of access to the person, or mental incapacity are all illustrations of

the proper use of the 'next friend' application." *Weber v. Garza*, 570 F.2d 511, 514 n. 4 (5th Cir. 1978).

Here, Yarlenis Machado Reyes likely meets the second element, as she has a significant relationship with Gomez Olivas and seeks his release. Next Friend Decl. ¶¶ 1, 4, ECF No. 1-1. Yarlenis Machado Reyes states that Josue David Machado Reyes cannot proceed on his own behalf because he is "detained in ICE custody, suffers from a serious medical condition, has limited access to legal resources, and is unable to file this Petition on his own behalf." Pet. 4. However, Yarlenis Machado Reyes does not explain why these circumstances prevent Josue David Machado Reyes from filing the petition himself . *See generally id.*; *see also* Pet. The Court receives many petitions filed by detainees at the same facility where Josue David Machado Reyes is incarcerated—therefore, circumstances stemming from detention, without more, are insufficient to allow him to proceed through a next friend. The Court thus exercises its discretion to order a supplemental filing to determine whether Yarlenis Machado Reyes may proceed as "next friend" on behalf of Josue David Machado Reyes. *See Lonchar v. Thomas*, 517 U.S. 314, 325 (1996) (quoting Habeas Rule 4 and citing Habeas Rule 7) (recognizing that district courts have "ample" discretion to "take such other action as the judge deems appropriate" and to "order expansion of the record").

Separately, the allegations in the Petition are unclear. Josue David Machado Reyes has been detained since August 17, 2025. Pet. 2. The Petition states he "is not subject to a final order of removal." *Id.* at 3. But Yarlenis Machado Reyes also states that he "was issued a final order of removal." Next Friend Decl. ¶ 5. Thus, it is unclear whether he is subject to a final order of removal. In order to properly assess the merits of the Petition, more information is needed.

Accordingly, the Court **ORDERS** that, **by no later than March 30, 2026**, either:

(1)  Yarlenis Machado Reyes must **FILE** written notice detailing why Josue David

Machado Reyes cannot proceed with this petition for a writ of habeas corpus on his

own behalf, and clarify:

a.   Whether Josue David Machado Reyes is subject to a final order of removal, or

(2) Josue David Machado Reyes must **FILE** written notice expressing his intent to

proceed with this petition pro se, and clarify:

a.   Whether he is subject to a final order of removal.

**IT IS FURTHER ORDERED** that the Clerk of Court shall send this Order to both

Yarlenis Machado Reyes and Josue David Machado Reyes via certified mail at the following

addresses:

Yarlenis Machado Reyes
1700 SW 10th St.
Apt. 1
Miami, FL 33135

Josue David Machado Reyes
A-244-533-687
El Paso Service Processing Center
8915 Montana Ave
El Paso, TX 79925

**SO ORDERED**.

**SIGNED this 10th day of March, 2026.**

_KATHLEEN CARDONE_
_UNITED STATES DISTRICT JUDGE_